IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

vs.                                                                Civil No. 10-214 LH/RHS
                                                                Crim. No. 07-1169 LH
O'NEIL WRIGHT,                                  Crim. No. 08-933 LH

      Defendant/Movant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

**Background**

    1. THIS MATTER comes before the Court on Defendant/Movant O'Neil Wright's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in a [sic] Federal Custody ("Motion"), file-stamped March 5, 2010 **[Doc. 1]**. On April 20, 2010, the Government filed Respondent's Response to Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody ("Response") **[Doc. 7]**. Mr. Wright is currently incarcerated and is proceeding *pro se*.

    2. On November 16, 2007, Mr. Wright pled guilty to Count 2 of an indictment "charging violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), that being Possession with intent to Distribute over 100 Kilograms of Marijuana." (Plea Agreement at 2 ¶ 3, filed Nov. 16, 2007 **[Doc. 55]** United States v. Wright, 07-Cr-1169 LH (D.N.M.) ("Wright I")). On June 12, 2008, Mr. Wright pled guilty to an information charging violation of 21 U.S.C. § 841(b)(1)(C), that being "Possession with Intent to Distribute Less than 100 Kilograms of Marijuana." (Judgment in a Criminal Case, filed Mar. 24, 2009 **[Doc. 24]** United States v. Wright, 08-Cr-933 LH (D.N.M.)

("Wright II")).

3.  Following a sentencing hearing on March 10, 2009, Mr. Wright was sentenced to 60 months of incarceration based on his plea in Wright I.  (See Transcript of Sentencing Hearings of March 10, 2009 ("Sentencing Hrg") at 11, filed Oct. 30, 2009 **[Doc. 81]** Wright I).  At the same hearing, Mr. Wright was also sentenced to 21 months of incarceration on his plea in Wright II, to run concurrently with the sentence imposed in Wright I.  (See Sentencing Hrg at 14).  Finally, pursuant to 18 U.S.C. § 3147, Mr. Wright was sentenced to one day of imprisonment, to run consecutively to any other sentence imposed.  (See id.).[1]  Thus, Mr. Wright was sentenced to serve a total period of imprisonment of 60 months and one day for his convictions in both Wright I and Wright II.

4.  In the instant Motion, Mr. Wright raises four claims of error:

(I)     Ineffective Assistance of Counsel;

(II)    Improper Amendment Changes in Presentence Investigation;

(III)   Indictment did not state that Mr. Wright possessed a firearm; and

(IV)    The firearm was neither connected with, nor facilitated, the offense.

(See Motion at 3, 13).

*Collateral Review of Guilty Pleas*

5.  The general rule is that collateral attacks concerning guilty pleas are prohibited. Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also United States v. Frady, 456 U.S. 152,

---

[1]Mr. Wright was arrested on the charge in Wright II while on release pending his sentencing in Wright I.  See 18 U.S.C. § 3147 (providing that a person convicted of an offense committed while on release "shall be sentenced, *in addition to the sentence prescribed for the offense* to . . . a term of imprisonment . . . [that] *shall be consecutive* to any other sentence of imprisonment") (emphasis added).

165-66 (1982) (noting that in order to obtain collateral relief, a petitioner must clear a significantly higher hurdle than would exist on direct appeal). Once a defendant has pleaded guilty, the only non-jurisdictional avenue for challenging his conviction is to claim that his plea was not knowing and voluntary. Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir. 1995) (citing Mabry v. Johnson, 467 U.S. 504, 508-09 (1984)) (other citations omitted).

6. Thus, the relevant inquiry in a challenge to a guilty plea proceeding is generally limited to whether the underlying plea was both counseled and voluntary. Tollett, 411 U.S. at 263-64; Osborn v. Shillinger, 997 F.2d 1324, 1327 (10th Cir. 1993). However, the fact that a valid guilty plea precludes most challenges to a conviction, "in no way suggests a prospective waiver of subsequent and independent sentencing error." United States v. Glover, 97 F. 3d 1345, 1348 & n.3 (10th Cir. 1996).

*Procedural Default*

7. Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal. See United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993). Mr. Wright did not challenge his guilty plea or sentencing on direct appeal, and the circumstances under which a guilty plea may be attacked on collateral review are strictly limited. See Bousley v. United States, 523 U.S. 614, 621 (1998) (noting that "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review"). Thus, Mr. Wright's claims of error regarding his plea or sentence are procedurally barred to the extent that he failed to raise those claims on direct appeal.

8. There are certain exceptions to the general rule of procedural bar. For example, the procedural bar rule of Frady does not apply to claims of ineffective assistance of counsel. United States v. Galloway, 56 F.2d 1239, 1241 (10th Cir. 1995); accord, United States v. Riddick,

104 F.3d 1239, 1240 (10th Cir. 1997), overruled on other grds. by United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997). In addition, Mr. Wright's § 2255 motion is not procedurally barred if he can show cause and prejudice, or a fundamental miscarriage of justice. United States v. Allen, 16 F.3d 377 (10th Cir. 1994); accord Frady, 456 U.S. at 168; Cook, 997 F.2d at 1320. In this instance, Mr. Wright does not justify challenging his plea or sentence on collateral review by demonstrating either "cause" and "prejudice," or that he is "actually innocent." Thus, the Court concludes that Mr. Wright's claims, with the exception of his claim alleging ineffective assistance of counsel, are procedurally defaulted.

*Ineffective Assistance of Counsel*

9. In order for Mr. Wright to prevail on a claim that he received ineffective assistance of counsel, he must satisfy a two-part test. See Miller v. Champion, 161 F.3d 1249, 1253 (10th Cir. 1998). He must show both (1) that counsel's performance was deficient and (2) that this deficient conduct prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984); Gillette v. Tansy, 17 F.3d 308, 310 (10th Cir. 1994).

10. To meet the first prong of the Strickland test, Mr. Wright must show that "counsel's representation fell below an objective standard of reasonableness." Hill v. Lockhart, 474 U.S. 52, 57 (1985) (quoting Strickland, 466 U.S. at 688). In order to do so, Mr. Wright must overcome the strong presumption that his attorney's conduct fell within the wide range of competence demanded of attorneys in criminal cases. Gillette, 17 F.3d at 310; see Hill, 474 U.S. at 56. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland 466 U.S. at 690.

11. Assuming that Mr. Wright satisfies the first prong, he must also show that his

counsel's deficient performance prejudiced him. To demonstrate prejudice, Mr. Wright must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In this case, Mr. Wright fails to satisfy either prong of the Strickland standard.

12. Mr. Wright apparently claims that his counsel was ineffective because he withheld information regarding changes in his P.S.I. and "[n]o motions questioning these changes were promptly made." (Motion at first attached page). Mr. Wright does not specify what changes were allegedly withheld from him, nor does he explain how he was prejudiced by such conduct. Moreover, to the extent that Mr. Wright contends his counsel failed to file any motions for departure, the record flatly contradicts such a contention. (See Motion for Downward Variance from United States Sentencing Guidelines ("Motion for Variance") **[Doc. 72]**, filed Jan. 14, 2009, Wright I).

13. Liberally construed, Mr. Wright's second claim alleges that counsel was ineffective for failing to challenge "a two point enhancement for a firearm." (Motion at first attached page). However, this claim fails because Mr. Wright's counsel specifically challenged the PSR's indication that a gun was "possessed in the offense" and requested the Sentencing Court to "[s]ubtract 2 points to base offense level (No Firearm)." (Motion for Variance at 2 ¶ 4). In addition, nothing supports Mr. Wright's assertion that the original plea "accepted by the court on or about November 16, 2007 . . . . [set forth] an agreed upon sentence of thirty six (36) months." (Motion at first attached page). Rather, the Plea Agreement filed on November 16, 2007 states that Mr. Wright "understands that the minimum . . . penalty the Court can impose is . . . imprisonment for a period of not less than five (5) . . . years." (Plea Agreement **[Doc. 55]** at 2 ¶ 4, Wright I).

14. In this case, the Sentencing Court imposed the statutory minimum period of imprisonment of 60 months based on Mr. Wright's conviction in Wright I. The Sentencing Court also directed that the 21 month sentence imposed pursuant to Mr. Wright's conviction in Wright II run concurrently with the 60 month sentence in Wright I. Finally, the Sentencing Court imposed a minimum sentence of one (1) day of imprisonment under 18 U.S.C. § 3147, which "shall be consecutive to any other sentence of imprisonment." § 3147.

15. The United States and Mr. Wright stipulated that "[p]ursuant to U.S.S.G. § 5C1.2, the Defendant *may* be eligible for the safety valve provisions set forth at 18 U.S.C. § 3553(f)." (Plea Agreement at 5 ¶ 9c (emphasis added)). However, the record indicates that Mr. Wright understood "that the above stipulations are not binding on the Court and . . . . regardless of any stipulations the parties may enter into, the Defendant's final sentence is solely in the reasonable discretion of the Court." (Plea Agreement at 5-6 ¶ 10).

16. Mr. Wright's conviction in Wright I subjected him to a mandatory minimum sentence of 60 months imprisonment. See 21 U.S.C. § 841(b)(1)(B). "The only exception to the mandatory minimum is when a court finds that a defendant meets the five elements of § 3553(f), the so-called 'safety valve' provision." United States v. Chavez, 355 Fed.Appx. 142, 145 (10th Cir. Dec. 7, 2009) (not selected for publication) (citing § 3553(f); U.S.S.G. § 5C1.2). "The burden of proving all five requirements by a preponderance of a the evidence lies with the defendant." United States v. Gonzalez-Montoya, 161 F.3d 643, 652 (10th Cir. 1998) (quoted in Chavez, 355 Fed.Appx. at 145).

17. One of the criteria required to qualify for the "safety valve" provision is that "the defendant did not possess a firearm or other dangerous weapon in connection with the offense." § 5C1.2(a)(2). Mr. Wright argues that the firearm at issue in this case "was not connected with"

6

his offense because he was "licensed to carry a firearm" and only traveled with it "due to the dangerous nature of being an Over the Road, Long Haul Truck Driver." (Motion at first attached page). However, the Tenth Circuit has found that "[t]he mere propinquity of the weapons and drugs suggests a connection between the two," United States v. Payton, 405 F.3d 1168, 1170 (10th Cir. 2005), and thus, "a firearm's proximity and potential to facilitate the offense is enough to prevent application of Section 5C1.2," United States v. Hallum, 103 F.3d 87, 89 (10th Cir. 1996). See, also, United States v. Ascencio, 260 Fed.Appx. 69, 72 (10th Cir. Jan. 3, 2008) (not selected for publication). Accordingly, even if counsel had not moved for application of the "safety valve" provision, Mr. Wright fails to show that such conduct was either constitutionally deficient[2] or prejudicial.

18. For all of the reasons set forth above, the Court finds that Mr. Wright's allegations fail to show that he received ineffective assistance of counsel.[3] Accordingly, the Court finds that Mr. Wright is not entitled to relief on this basis. Finally, because it is possible to resolve the issues on the pleadings, and the record establishes conclusively that Mr. Wright is not entitled to relief, the Court finds that an evidentiary hearing is not necessary. See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988).

## Conclusion and Recommendation

---

[2] Counsel is not ineffective for failing to raise an issue that lacks merit. See United States v. Dixon, 1 F.3d 1080, 1083 n.5 (10th Cir. 1991), abrogated on other grounds by, Florida v. White, 526 U.S. 559 (1999).

[3] During the sentencing hearing, the Court addressed Mr. Wright, thus: "[Y]ou have seen the attorneys in this case do a remarkable job on your behalf." The Sentencing Court further expressed its "utmost respect for both of the[] [attorneys], based upon what they've done for [Mr. Wright], and [Mr. Wright] you should, too." (Transcript of Sentencing Hearings at 16:16-17; 23-25, Mar. 10, 2009 **[Doc. 81]**, Wright I).

In sum, the Court finds that Mr. Wright is not entitled to any relief with respect to the claims raised in his motion pursuant to § 2255. Accordingly, the Court recommends that Mr. Wright's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in a [sic] Federal Custody **[Doc. 1]** be DENIED and this civil proceeding be DISMISSED WITH PREJUDICE in its entirety.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objection to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE